UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL MELANCON AND CRYSTAL MELANCON | CIVIL ACTION |
| VERSUS | NO: 10-1723 |
| COUNTRYWIDE BANK, FIRST AMERICAN TITLE INSURANCE CO., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND DOES 1 THROUGH 50 | SECTION: R(2) |

**SUMMARY ORDER**

Plaintiffs Michael and Crystal Melancon filed a *pro se* complaint on June 11, 1010.[1] The complaint raises a variety of state and federal claims concerning the effect and validity of their home mortgage loan. On June 14, the Melancons filed an *ex parte* motion for a temporary restraining order seeking to prevent defendants from "[t]ransferring any interest by sale, pledge, or grant of security interest, or otherwise disposing of, or encumbering the property located at 119 Braden Lane, Luling, LA

---

[1] (R. 1.)

70070."[2]

As a procedural matter, the Court may issue a temporary restraining order only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[3] As a substantive matter, the Court may issue a temporary restraining order only if there is (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause the opponent; and (4) the injunctive relief will not disserve the public interest.[4]

The Melancons have failed to demonstrate that they are entitled to a temporary restraining order. The Melancons have not submitted an affidavit or verified complaint. The Melancons'

---

[2] (R. 3.)

[3] Fed. R. Civ. P. 65(b).

[4] *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir.1987); *Gerhart Industries v. Smith International, Inc.*, 741 F.2d 707, 710 (5th Cir.1984).

2

two page motion for a temporary restraining order does not set forth specific facts showing that immediate and irreparable harm will result before defendants can be heard in opposition, and it also does not establish a likelihood of success on the merits. Furthermore, the Melancons have not described any efforts to notify defendants of this motion, nor have the Melancons explained why they should not be required to do so. For all of these reasons, the Melancons' motion for a temporary restraining order is DENIED.

New Orleans, Louisiana, this 15th day of June, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE